UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:25-mj 26 |
| ) | |
| ARTHUR JULIUS CHERRY, ) | |
| ) | |
| Defendant. ) | |

**Affidavit in support of arrest warrant and criminal complaint**

I, John Hunt, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. Your affiant is a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and has served in that capacity since August 30, 2020. Your affiant is currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. Your affiant is a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, your affiant received special training in firearms, arson, explosives, and narcotic related crimes.

   i. Your Affiant began his law enforcement career with the Newport News Police Department (Virginia) in January 2011. Your Affiant graduated from the basic law enforcement academy in June 2011. During that training your Affiant received basic law enforcement training to include training in illegal drug identification and enforcement of drug laws. During your Affiant's employment with the Newport News Police Deparment, your Affiant has received continued

      training on illegal drugs to include; the way they are packaged, transported, sold, and used.

ii. During your Affiant's career with the Newport News Police Departmnet, your Affiant has worked as a Patrol Officer on evening and midnight shifts, and Community Response Team (CRT) Officer. While assigned to these positions, your Affiant conducted drug enforcement and investigations throughout the City of Newport News. Your Affiant was assigned as a Detective to the Organized Crime Division, Narcotics Enforcement Unit from May 2016 to October 2017. From October 2017 to May 2019, your Affiant had been assigned as a Detective to the Organized Crime Division, Mid Level Unit. During time in the Organized Crime Division, your Affiant has been afforded the opportunity to investigate the distribution of illegal drugs in conjunction with the Hampton Police Department, the Drug Enforcement Administration (DEA), the State Police, Homeland Security Investigations (HSI), and the Bureau of Alchohol, Tobacco, Firearms and Explosives (ATF). From March 2020 until August 2020, your affiant was assigned to the High Intensity Drug Trafficking Area (HIDTA) Task Force as a Task Force Officer. This task force was composed of Homeland Security Investigations, Virginia State Police, and local municipal police departments.

iii. Your Affiant has interviewed numerous sources of criminal information, and arrested subjects who have provided current information on the way drugs are used, packaged, sold and/or distributed in the City of Newport News, VA and elsewhere. These individuals included self admitted distributors of illegal drugs, as well as individuals caught in the act of distribution. Your Affiant has

organized and assisted with numerous operations which resulted in arrests for violent crime, sex offenses, weapons violations, and violations of the Virginia Drug Control Act.

2.   Your affiant is only submitting those facts which he believes are necessary to establish probable cause in this matter. This affidavit should not be construed as a complete statement of all the information generated from the investigation. I have become aware of the facts and circumstances described below through my personal observation, reports completed by the Portsmouth Police Department, and information provided by law enforcement officer(s).

### FACTS SUPPORTING PROBABLE CAUSE

3.   Section 922(g)(1) of Title 18 of the United States Code provides, in part, that, "it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

4.   On January 21, 2023, a shooting occurred in the City of Norfolk, in the Eastern District of Virginia. The victim stated that he observed Arthur CHERRY (DOB: \*\*/\*\*/1987; SSN: \*\*\*-\*\*-6896) shoot into his vehicle. As a result, the Norfolk Police Department issued six warrants for CHERRY's arrest. CHERRY was alleged to be operating a blue Toyota Corolla during this incident.

5.   On February 2, 2023, the Virginia Beach Police Department was using a confidential informant to conduct a controlled purchase of 2000 Percocet Pills. The supplier,

Rodell BARRETT, implied he would have to illicit the support of another individual to complete the deal. A location in Virginia Beach was arranged as a meeting spot for the supplier and the CI.

6. Investigators established surveillance at the meet location and observed BARRETT and CHERRY arrive in two separate cars. Knowing that CHERRY was wanted for the shooting in Norfolk, investigators moved to arrest both individuals. When detectives approached CHERRY, they observed CHERRY place an object in the lap of a female occupant. When that occupant was detained, the object was identified to be a Smith and Wesson 4006 .40 caliber handgun (SN: TFH1049).

7. The firearm was sent to the Virginia State Forensic Lab and analyzed for traces of DNA. A DNA mixture profile was developed from the firearm. Based off their testing, both CHERRY and the female occupant, could not "be eliminated as a contributor to this DNA mixture profile."

8. Special Agent Hunt collected the firearm and provided it to the ATF Forensic Science Laboratory for ballistic testing. A fired casing from this firearm was forensically compared to the casing recovered from the scene of the shooting on January 21, 2023. As a result of the comparison, the ATF lab determined that casings recovered from the shooting were in fact fired from the firearm recovered at CHERRY's arrest.

9. Special Agent Daniel Beasley examined the firearm's markings which include but are not limited to the serial number, name of the manufacturer, model, caliber or gauge, and, when applicable, the importer. Based off his examination of these features, he determined the firearm was manufactured by Smith & Wesson in Massachusetts. Thus, the firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3), travelled in interstate commerce.

10. CHERRY has ten previous felony convictions. His felony convictions include two convictions of Malicious Wounding in 2005, two revocations of suspended sentences in 2010, possession with intent to distribute cocaine in 2013, Felony child neglect in 2013, felony eluding police in 2013, and two convictions for revocation of suspended sentence in 2013 and 2014. CHERRY's criminal history also includes multiple felonies that were nolle prosed, such as possession with intent to distribute schedule I or II, malicious wounding, firearm by felon, and use of a firearm in commission of a felony.

11. At the time of this offense Cherry was on probation and had not had his right to possess a firearm restored.

## CONCLUSION

12. Based on the forgoing, your affiant respectfully requests the Court issue an arrest warrant for ARTHUR JULIUS CHERRY for possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. § 922(g)(1).

_____
John P. Hunt
Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

Reviewed for legal sufficiency.
_____
Graham Stolle
Special Assistant United States Attorney

SWORN TO AND SUBSCRIBED
IN MY PRESENCE
This 6th day of February, 2025
_____
United States Magistrate Judge